***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. The employee-employer relationship existed between plaintiff and defendant-employer from 1985 through 1994, the time during which her alleged injuries occurred.
3. At the hearing documents consisting of plaintiff's file materials obtained from her former attorney, labeled Stipulated Exhibit #1, the Compromise Settlement Agreement, labeled Stipulated Exhibit #2, the Order Approving the Compromise Settlement Agreement filed June 3, 1998, labeled Stipulated Exhibit #3, and the Order of Continuance filed April 16, 2002, labeled Stipulated Exhibit #4 were stipulated into evidence by the parties.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff appeared pro se at the January 15, 2003 hearing, which was set upon defendants' motion to dismiss plaintiff's claim to set aside her Compromise Settlement Agreement approved by Order filed on June 3, 1998. Plaintiff subpoenaed her former attorney to testify; however, he was released from the subpoena by the deputy commissioner due to a conflict with another court date but was instructed to make himself available if necessary. Documentary evidence and arguments were received from both parties. However, no witness testimony was taken under oath.
2. Plaintiff's claims were resolved in their entirety by the Compromise Settlement Agreement approved in an Order from the Commission dated June 3, 1998. Defendants paid plaintiff the compensation due under the agreement and plaintiff accepted the settlement proceeds. At the time of the settlement, plaintiff was represented by Mr. Ralph Willey and defendants were represented by Mr. Scott Fuller and Mr. Jonathan C. Anders who executed the settlement agreement.
3. In December of 2001, over three years after the agreement was approved, plaintiff sought to obtain further benefits. A Form 33 filed December 17, 2001 states: "I'm still under the doctor care in pain. What was done to me was not right I want justice." Defendants made a Motion to Dismiss these claims with Prejudice on February 6, 2002 due to the fact that plaintiff had not alleged any good cause to set aside the Order of June 3, 1998.
4. A hearing was held before Deputy Commissioner Amy L. Pfeiffer on April 8, 2002 in Nash County. However, plaintiff did not understand her burden of proof pursuant to N.C.G.S. § 97-17 to set aside the agreement and a companion case had already been removed from the hearing docket by former Deputy Commissioner Mary Moore Hoag. Plaintiff made allegations concerning her former attorney Mr. Willey, but as he was not present as a witness, plaintiff was instructed by Deputy Commissioner Pfeiffer that she would not be permitted to testify as to what he told her.
5. Consequently, in an Order filed on April 16, 2002, Deputy Commissioner Pfeiffer stated that plaintiff's case would be placed back on the hearing docket only after plaintiff's compliance with the following: First, plaintiff was to notify defense counsel regarding her intentions to call Scott Fuller as a witness. Second, plaintiff was to demonstrate to the Commission that she is prepared to proceed with a hearing on the merits of the case namely, that she would be presenting evidence concerning allegations of fraud, misrepresentation, undue influence, and/or mutual mistake.
6. Additionally, Deputy Commissioner Pfeiffer indicated that plaintiff's claim would be subject to dismissal if she could not allege one of the necessary factors in compliance with the April 16, 2002 Order.
7. On May 6, 2002, plaintiff served a discovery request on defendants. This request was not in regard to allegations of fraud, misrepresentation, undue influence, and/or mutual mistake but rather concerned plaintiff's original claims that were resolved in the Compromise Settlement Agreement. Therefore, defendants objected to the discovery and on June 7, 2002, Executive Secretary Tracey H. Weaver filed an Order denying plaintiff's discovery requests. Executive Secretary Weaver stated that Deputy Commissioner Pfeiffer's April 16, 2002 Order remained in full force and effect. Executive Secretary Weaver stated that only after compliance with the April 16, 2002 Order would these matters be placed on another hearing docket.
8. Thereafter, defendants received no communication from plaintiff or the Commission about these matters. However, on November 18, 2002, Chief Deputy Commissioner Stephen T. Gheen sent a letter requesting that attorneys review the hearing docket for January 2003 to see if any cases might be removed from the docket. Upon seeing these claims on the Nash County hearing docket for expedited hearing in January, defendants contacted Chief Deputy Commissioner Gheen indicating that plaintiff had never complied with the April 16, 2000 Order of Deputy Commissioner Pfeiffer and therefore these claims should not be placed on a hearing docket. Chief Deputy Commissioner Gheen responded that the reason these matters were placed on a hearing docket was because of defendants' Motion to Dismiss the claims with Prejudice. Accordingly, on January 15, 2003, the undersigned presided over the hearing in Nashville, North Carolina.
9. Although plaintiff subpoenaed her former attorney to the hearing, plaintiff did not subpoena Scott Fuller or Jonathan C. Anders who executed the settlement agreement on behalf of defendants. Plaintiff indicated that she could not complain about Mr. Fuller, as he was not her attorney. Plaintiff instead presented documents she obtained from Mr. Willey's office including correspondence that had been exchanged between Mr. Willey and Mr. Fuller; these documents were received as Stipulated Exhibit #1. Plaintiff offered these materials as evidence to support her attempt to have the Compromise Settlement Agreement overturned.
10. At the hearings and in discovery responses plaintiff has made many allegations concerning her former attorney, generally alleging misconduct or malpractice. Plaintiff complained about Mr. Willey's handling of her case with regard to preparation for hearing and timeliness of obtaining medical records. Plaintiff alleges that Mr. Willey advised her to take the settlement offer that defendants made. Plaintiff further alleged that Mr. Willey did not bring forth or submit "important evidence" concerning her case. Plaintiff stated that she did not feel Mr. Willey performed sufficient work on her case and she did not agree with his assessment of her case. Plaintiff alleges that she was misled by her former attorney and did not understand the ramifications of signing the settlement agreement. She contends that she did not know that the approval of the settlement agreement resolved all her claims but thought instead that the agreement resolved only her carpal tunnel claim. Plaintiff alleges that she did not fully read the agreement and signed it without understanding it.
11. Plaintiff even questioned her signature on a draft copy of the agreement included in Stipulated Exhibit #1; however, plaintiff did not question the signature on the final executed and approved Compromise Settlement Agreement.
12. In plaintiff's written contentions handed up at the hearing, she again complains of alleged poor handling of her case by her former attorney. However, plaintiff makes no allegations in her written contentions regarding Mr. Fuller or other defense attorneys or agents of defendants.
13. No findings are made regarding the specific allegations concerning Mr. Willey's conduct as plaintiff was not under oath and Mr. Willey was not present, albeit upon release by the undersigned from plaintiff's subpoena.
14. Considering that plaintiff did not subpoena Mr. Fuller or make allegations concerning his conduct as it applies to her burden of proof, plaintiff does not intend to call Scott Fuller as a witness. In fact, by letter dated April 15, 2002 to Deputy Commissioner Pfeiffer, plaintiff indicated that she would not call Mr. Fuller as a witness. Accordingly, this satisfies the first requirement of the April 16, 2002 Order.
15. With regard to the second requirement of Deputy Commissioner Pfeiffer's Order concerning the necessity of a demonstration by plaintiff that she is prepared for a hearing concerning allegations of fraud, misrepresentation, undue influence, and/or mutual mistake, plaintiff has failed to meet this requirement. Considering the stipulated evidence of record and the arguments of the parties, even assuming arguendo that the allegations against plaintiff's former attorney are true, plaintiff has failed to meet her burden. The only evidence which plaintiff would potentially present at a hearing concerns the allegations against her former attorney and none of the accusations involve defendants. In fact, there are no accusations of fraud, misrepresentation or undue influence on the part of defendants resulting in plaintiff signing the agreement. Likewise, there are no allegations of mutual mistake of fact. Although plaintiff alleges that she did not understand that the agreement was a final settlement of all her claims, this misunderstanding was unilateral on her part since, by the written terms of the agreement, the other parties were made aware of the final nature of this settlement.
16. Consequently, plaintiff has failed to comply with the Order of Deputy Commissioner Pfeiffer to demonstrate that she can produce evidence that the compromise settlement agreement was entered into a result of fraud, misrepresentation, undue influence or mutual mistake as contemplated by the North Carolina Workers' Compensation Act.
17. Defendants have agreed to waive any claims for penalties, sanctions, and/or attorney's fees in connection with the January 15, 2003 hearing. However, defendants request to reserve the right to make a motion for penalties, sanctions, and/or attorney's fees for the same, should defendants have to defend any future matters that plaintiff may pursue before the North Carolina Industrial Commission, which require defendants to incur additional expense, legal or otherwise.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is not entitled to pursue her claim based on allegations of fraud, misrepresentation, undue influence, and/or mutual mistake as she has failed to comply with the second requirement of the April 16, 2002 Order of Deputy Commissioner Pfeiffer.
2. Plaintiff's allegations of a unilateral misunderstanding on her part do not constitute evidence, which would allow her to carry her burden under N.C.G.S. § 97-17. I.C. #811127, Kee v. China Grove Textiles
(filed by the Full Commission August 8, 2000).
3. Furthermore, even assuming arguendo that plaintiff's allegations against Mr. Willey are in fact true, plaintiff has failed to demonstrate that she can carry her burden pursuant to N.C.G.S. § 97-17. In I.C. #180100, Harmon v. Funder America filed on December 15, 1997, the Full Commission held:
 To show error, which would warrant setting aside a settlement, plaintiff must show that defendants, or some representative of defendants, engaged in fraud, misrepresentation, or undue influence, or that both parties were under a mutual mistake. It is not sufficient that a party to an executed settlement agreement prove that undue influence asserted by her attorney forced a settlement. Before the Industrial Commission may set aside a settlement agreement, an employee must prove that defendants acted inappropriately in procuring the settlement through fraud, misrepresentation, or undue influence.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. As plaintiff has failed to present any allegations of fraud, misrepresentation, undue influence and/or mutual mistake as those terms are contemplated in N.C.G.S. § 97-17, she has failed to comply with the order of Deputy Commissioner Pfeiffer filed April 16, 2002. Defendants' motion to dismiss with prejudice is hereby granted and plaintiff's claim for additional benefits under the Act is hereby Denied.
2. Each party shall bear its own costs.
This the ___ day of September 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER